IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATIENCE M. UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3270-CV-S-NKL-SSA |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1]. For the following reasons, Plaintiff's motion is granted.

Plaintiff has filed an Affidavit of Financial Status in support of her Motion. Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or

1

malicious.  28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court.  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984).  A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has provided this Court with an affidavit revealing her inability to prepay fees and costs without having to forfeit the basic necessities of life.  Plaintiff has been unemployed since 2003 and owns no real property or automobiles.   She receives $342 per month in TANF benefits, $488 in food stamps, and $438 in housing allowance from HUD.  She has a monthly rental payment of $400, $550 in monthly grocery expenses, and pays $240 per month in utilities.   Based on this affidavit, the Court concludes that Plaintiff has satisfied the first prong.

The second prong of the *Martin-Trigona* test requires that the Court determine that an applicant's claims are not frivolous or malicious under section 1915(e)(2).  This decision should be made prior to the issuance of process.  *In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir. 1989).  An action is frivolous within the meaning of section 1915(e)(2) if the court determines that "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's Complaint seeks review of a decision denying supplemental security income benefits. Based upon the information currently before the Court, there is no indication that this is a "frivolous or malicious" suit.

Because Plaintiff has demonstrated that she satisfies section 1915's poverty requirement, and her suit appears to be non-frivolous, her Motion for Leave to File *In Forma Pauperis* will be granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] is GRANTED, subject, however, to further consideration by the Court upon a showing that the allegation of poverty is untrue, or that the claim is frivolous under 28 U.S.C. § 1915.

2. Because this case is included in the Case Management/Electronic Case Filing (CM/ECF) system, Plaintiff's counsel shall be responsible for electronically filing the Complaint within **fifteen (15) days** of the date of this Order.

3. The Clerk of the Court is directed to issue summons and process upon plaintiff's filing of the complaint and deliver same to the United States Marshal for service upon the defendant(s), pursuant to Rule 4 of the Federal Rules of Civil Procedure.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 31, 2006
Jefferson City, Missouri