IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATIENCE M. UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-3270-CV-S-NKL-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Underwood's Motion for Attorney Fees [Doc. 13]. The Commissioner does not object to the amount of the fees and expenses requested by Underwood, but she does object to awarding the fees directly to Underwood's counsel rather than to Underwood.

The Commissioner objects to the fee award being made payable directly to Underwood's counsel because the EAJA says "prevailing party," not "prevailing party's attorney" when it authorizes payments for attorney's fees. The case law offered in support of the Commissioner's position, however, is not persuasive. Although the Supreme Court has held in the context of fees awarded under 42 U.S.C. § 1988 that "it is the party, rather than the lawyer, who is so eligible," the Court also held that "it is the party's right to waive, settle, or negotiate that eligibility." *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990).

> If § 1983 plaintiffs may waive their causes of action entirely, there is little reason to believe that they may not assign part of their recovery to an attorney . . . . A contrary decision would place § 1983 plaintiffs in the peculiar position of being more free to negotiate with their adversaries than with their own attorneys.

*Id.* at 88.

By analogy to § 1983, it is reasonable to conclude that a plaintiff recovering fees under the EAJA is free to negotiate his eligibility for such fees to his attorney. That is precisely what happened in Underwood's case. The fee contract between Underwood and her counsel states explicitly that:

> [i]t has been explained to me and I agree that the Federal Courts may award any attorney who appears before them on action for judicial review a fee that must be paid by the United States . . . in cases in which the Court determines that the decision of the Social Security Administration, (SSA), denying my benefits was not "substantially justified" under the Equal Access to Justice Act (EAJA). I agree that any such fee is to be paid to my attorney(s).

Fee Agreement [Doc. 13, Exh. A]. Given Underwood's freedom to contract with her own attorney regarding her fees, and given the innumerable instances in which the Court has awarded EAJA fees directly to counsel under similar fee arrangements without any objection from the Commissioner, and given the purpose for the EAJA; i.e., equal access to justice, the Court sees no reason to alter course or to deny effect to the bargain struck by Underwood and her lawyer.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Underwood's Motion for Attorney's Fees [Doc. 13] is GRANTED. The Court awards total fees in the amount of $5,146.94, to be paid directly

to Underwood's attorney and expenses in the amount of $15.18, to be paid from the

Judgment Fund of the Department of the Treasury.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 7, 2007  
Jefferson City, Missouri